UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA

     Appellee,

 - v. -

SEAN COMBS,

     Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Dkt. No. 24-2606

: **AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION TO HOLD APPEAL IN ABEYANCE**

STATE OF NEW YORK     )
COUNTY OF NEW YORK   : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

     CHRISTY SLAVIK, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

     1.    I am an Assistant United States Attorney in the Office of Damian Williams, United States Attorney for the Southern District of New York, and I represent the United States of America in this matter. I submit this affirmation in opposition to defendant-appellant Sean Combs's motion to hold his appeal in abeyance pending further motion practice in the district court.[1]

---

[1] "Mot." refers to Combs's motion to hold his appeal in abeyance, and "A" refers to the Appendix filed by Combs in support of his brief on appeal.

1

## **PROCEDURAL HISTORY**

2. Indictment 24 Cr. 542 was filed on September 12, 2024, charging Combs in three counts: (1) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); (2) sex trafficking, in violation of 18 U.S.C. §§ 1591 and 2; and (3) interstate transportation to engage in prostitution, in violation of 18 U.S.C. §§ 2421(a) and 2.

3. Combs was arrested on September 16, 2024, and was presented and arraigned the following day by the Honorable Robyn Tarnofsky, United States Magistrate Judge. Following the arraignment, Judge Tarnofsky denied Combs bail after a hearing. (A-167).

4. Combs appealed Judge Tarnofsky's decision to Judge Carter, to whom the case was assigned at that time. The parties appeared before Judge Carter on September 18, 2024, and after another bail hearing, Judge Carter denied Combs bail. (A-226).

5. On September 30, 2024, Combs filed a notice of appeal of Judge Carter's denial of bail. On October 8, 2024, Combs filed his brief in support of his appeal in this Court. The Government filed its opposition to Combs's appeal on October 16, 2024. Oral argument on the motion has been scheduled for November 4, 2024.

6. On October 17, 2024, Combs filed the instant motion to hold his appeal of the district court's denial of bail in abeyance "pending further motion practice in the district court." (Mot. 1).

7. Combs's trial is scheduled for May 5, 2024, before the Honorable Arun Subramanian, to whom the case was reassigned on October 3, 2024.

## ARGUMENT

### The Motion for the Appeal to Be Held in Abeyance Should Be Denied

8. Combs's motion to hold his appeal in abeyance pending possible motion practice in the District Court should be denied. Combs filed his notice of appeal approximately three weeks ago. He filed the present motion after both parties had already filed their opening and opposition briefs in this appeal, and an oral argument date had been set. Oral argument is now less than 16 days away. The Court should not delay its decision on this appeal based merely on the hypothetical possibility of future motion practice in the District Court. While Combs states that he intends to file a "renewed motion for pretrial release" based on "relevant new information," no such motion has yet been filed. (Mot. 2).

9. Moreover, any such motion would be to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), a separate determination from the original bail denial at issue in the instant appeal. A motion to reopen would be subject to its

3

own appeal, raising distinct questions and with a distinct standard of review. *See United States v. Zhang*, 55 F.4th 141, 147 (2d Cir. 2022).

10. Further, Combs cites no authority that supports holding the instant appeal in abeyance. In support of his motion, Combs cites only two cases, (Mot. 2-3 (citing *United States v. Owen*, 553 F.3d 161, 164-65 (2d Cir. 2009) and *United States v. Camacho*, 302 F.3d 35, 37 (2d Cir. 2002)), neither of which supports the relief Combs requests. The Court in *Owen* addressed a notice of appeal that was not yet effective, 553 F.3d at 164-65 (holding in abeyance a notice of appeal that was not yet effective pursuant to Rule 4(b)(3)(B) of the Federal Rules of Appellate Procedure because a Rule 33 motion was still pending in the district court), unlike in the instant case. In *Camacho*, the Court assessed the government's request to dismiss an appeal from the grant of a Rule 33 motion where it planned to file a motion in the district court for reconsideration of that same Rule 33 motion. 302 F.3d at 37. Here, unlike in *Camacho*, any further application in the District Court would be a *new* motion for pretrial release requiring material "information . . . not known to the movant at the time of the hearing," 18 U.S.C. § 3142(f), not a motion for reconsideration of the bail determination on appeal. Thus, the *Camacho* Court's concern for judicial economy is inapposite here.

11. Combs's motion to hold this appeal in abeyance would not achieve any judicial efficiency, but is a transparent attempt to forum shop based on

4

the assignment of a new district judge. While Combs claims he plans to move for release based on "relevant new information" that has "come to light since the Detention Order," he does not identify any such new information in his motion. (Mot. 2). Nor does he claim that such new information would have a "material bearing on the issue" of whether there are conditions of release that will reasonably assure his appearance and the safety of the community. *See Zhang*, 55 F.4th at 147-48 ("[W]e emphasize that the Bail Reform Act states only that a hearing 'may' be reopened if new and material information is presented.") (quoting 18 U.S.C. § 3142(f)). Instead, as far as the Government is aware, reassignment of Combs's case to a new district court judge is the only change in circumstances that has occurred in the fewer than 30 days between Judge Carter's denial of bail and Combs's motion to hold his appeal in abeyance. This is plainly not the type of new information that warrants reopening Judge Carter's bail determination. *See* 18 U.S.C. § 3142(f).

12. Because the parties have already filed their opening and opposition briefs in this appeal and oral argument is only 16 days away, this Court should not delay its consideration of this appeal so that Combs can present his twice-failed arguments before a third judge.

## **CONCLUSION**

13. For the foregoing reasons, the Court should deny Combs's motion to hold his appeal in abeyance.

Dated: New York, New York
October 19, 2024

/s/ Christy Slavik
MEREDITH FOSTER
EMILY A. JOHNSON
CHRISTY SLAVIK
MADISON REDDICK SMYSER
MITZI STEINER
Assistant United States Attorneys
Southern District of New York
Telephone: (212) 637-1113

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel hereby certifies that this motion response complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare this response, there are 1,037 words in this motion response.

/s/ Christy Slavik
CHRISTY SLAVIK
Assistant United States Attorney
Southern District of New York
Telephone: (212) 637-1113