UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Appellee,<br><br>v.<br><br>SEAN COMBS,<br><br>　　　　　Defendant-Appellant. | No. 24-2606-cr |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO HOLD APPEAL IN ABEYANCE**

　　　It is remarkable that the government would oppose this straightforward, routine request for a stay made in service of principles of judicial economy. The stay will allow the record below to be further developed, and it may obviate the need for the appeal. There is no good reason to deny the motion.

　　　Mr. Combs' request for a stay is not an attempt at forum shopping. Nor is it based "merely on the hypothetical possibility of future motion practice in the District Court." (Gov. Opp. ¶8). Mr. Combs is currently incarcerated and fully intends to pursue a renewed bail request before the district court as expeditiously as possible. The district court stated it would "certainly hear" a new bail application. Oct. 10, 2024 Tr. 26.

1

1. Contrary to the government's opposition, Mr. Combs' renewed bail request will be based on significant changed circumstances that could not be presented to the district court at his initial bail hearing. These circumstances include, *inter alia*, constitutional concerns stemming from his conditions of confinement and evidence contained in recently produced discovery.

*First*, under the Fifth and Sixth Amendments, Mr. Combs is entitled to meaningfully participate in his defense and collaborate with counsel. At the October 10, 2024 Status Conference, however, the government described an unprecedented volume of electronic discovery—almost 100 terabytes extracted from at least 96 electronic devices. *Id.* Tr.10-13. The government described the size of the data as "extraordinary." *Id.* Tr.12. The volume of the discovery combined with Mr. Combs' current conditions of confinement make his review of the material and his collaboration with counsel virtually impossible. The data here is so large that the government represented it would need to engage in further dialogue with the defense as to how exactly this data could be transferred to the defense team—never mind how Mr. Combs would be able to review it from prison.

Under the Bail Reform Act, a detention order is only lawful to the extent it "afford[s] [a] reasonable opportunity for private consultation with counsel." 18 U.S.C. § 3142(i)(3). And it explicitly permits pretrial release "when necessary for preparation of the person's defense." 18 U.S.C. § 3142(i). Although the Supreme

2

Court has rejected facial challenges to the Act's procedures, it has not determined "whether or not they might be insufficient in some particular circumstances," such as the circumstances that will be outlined in Mr. Combs' renewed bail request. *United States v. Salerno*, 481 U.S. 739, 751 (1987).

*Second*, the discovery the defense has reviewed to date further undermines the government's proffer at the initial bail hearings, particularly as to the alleged risk of obstruction, which was the district court's primary basis for ordering detention. Although we are proceeding as expeditiously as possible, there is an enormous volume of materials, and it is critical to Mr. Combs that we present a complete picture to the district court. That is the only reason we have not yet filed the renewed bail application, which we anticipate filing well in advance of the date this Court has set for oral argument on the pending bail motion. Mr. Combs should not be punished for his diligence and efforts to ensure that his new application is as complete as possible.

2. The government is also wrong that judicial economy will not be served by a stay. The available caselaw clearly counsels in favor of a stay when the district court will consider the same or similar issues as those involved in the pending appeal. Indeed, this court routinely holds appeals in abeyance, even after opening and opposition briefs have already been filed. *See, e.g.*, *United States v. Shor*, No. 19-3936(L) (2d Cir. Aug. 5, 2020), Dkt. 133 (granting motion to hold

appeal in abeyance after both parties had filed merits briefs); *see also In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 102 n.3 (2d Cir. 2008) (describing how panel granted stay pending district court decision on a motion for a new trial based on newly disclosed evidence). It does not matter that a renewed bail request is not identical to a motion to reconsider a Rule 33 ruling—the subject of *United States v. Camacho*, 302 F.3d 35 (2d Cir. 2002). The efficiency concerns motivating the holding there have equal application here.[1]

It would waste the parties' and the Court's resources to hear this appeal, and then hear a potential future appeal from any decision on the renewed bail application. This is particularly true where the current record lacks new material information affecting the bail analysis that will be further developed below.

The Court should therefore grant the motion to hold the appeal in abeyance.

---

[1] The government's statement that Mr. Combs "filed the present motion after both parties had already filed" their briefs in this Court (Gov. Opp. ¶8) is misleading. Defense counsel alerted the government that it would be filing this motion two days before the government's response brief was due, but instead of consenting to the proposed relief, the government accelerated the filing of its response, filing it at 10:58pm the night before it knew we would file this motion to hold the appeal in abeyance.

4

Dated: New York, NY
       October 21, 2024

/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas
17th Floor
New York, New York 10036
(212) 257-4880

*Attorneys for Defendant-Appellant Sean Combs*