# 24-2606

United States Court of Appeals

*for the*

Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

— v. —

SEAN COMBS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK, 24-CR-542 (AS)

## APPELLANT'S REPLY BRIEF

ALEXANDRA A.E. SHAPIRO
JASON A. DRISCOLL
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas,
17th Floor
New York, New York 10036
(212) 257-4880

*Attorneys for Defendant-Appellant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT .............................................................................................................. 2

    I.   The District Court's Obstruction Findings Were Erroneous ....................... 2

        A.   The Government's Proffer Is Speculative And Insufficient ................ 2

        B.   The Government Has No Response To Most Of Mr. Combs' Arguments ............................................................................................... 4

        C.   The Indictment Is Not Evidence Of Obstruction ................................ 6

    II.  The Proposed Bail Conditions Are Sufficient ............................................. 8

    III. Clear Error Review Does Not Apply ......................................................... 10

    IV. The Court Should Not Affirm On Risk Of Flight ..................................... 11

CONCLUSION ....................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                        **Page(s)**

*Salinas v. United States*,
    522 U.S. 52 (1997) ..................................................................................... 8

*United States v. Akhavan*,
    20-cr-188-2 (JSR), 2021 WL 535736 (S.D.N.Y. Feb. 12, 2021) ................ 10

*United States v. Berrios-Berrios*,
    791 F.2d 246 (2d Cir. 1986) ....................................................................... 11

*United States v. Boustani*,
    932 F.3d 79 (2d Cir. 2019) ..................................................................... 9, 10

*United States v. Chimurenga*,
    760 F.2d 400 (2d Cir. 1985) ........................................................................ 6

*United States v. Dreier*,
    596 F. Supp. 2d 831 (S.D.N.Y. 2009) ....................................................... 10

*United States v. Fox*,
    No. 22-1043, 2022 WL 2564600 (2d Cir. July 8, 2022) .......................... 8, 9

*United States v. Friedman*,
    837 F.2d 48 (2d Cir. 1988) ......................................................................... 11

*United States v. Gotti*,
    794 F.2d 773 (2d Cir. 1986) .................................................................... 5, 6

*United States v. Jackson*,
    823 F.2d 4 (2d Cir. 1987) .......................................................................... 11

*United States v. Jeffries*,
    24-cr-423 (NJC) (E.D.N.Y.), ECF 9 .......................................................... 1

*United States v. Kelly*,
    19-cr-286 (AMD), 2020 WL 2528922 (E.D.N.Y. May 15, 2020) .............. 7

*United States v. Kelly*,
  No. 20-1720, 2020 WL 7019289 (2d Cir. Sept. 8, 2020) ........................................ 7

*United States v. LaFontaine*,
  210 F.3d 125 (2d Cir. 2000) ................................................................................ 5, 11

*United States v. Laurent*,
  33 F.4th 63 (2d Cir. 2022) ........................................................................................ 8

*United States v. Mercedes,*
  254 F.3d 433 (2d Cir. 2001) ..................................................................................... 3

*United States v. Salerno*,
  481 U.S. 739 (1987) ................................................................................................ 10

*United States v. Shakur*,
  817 F.2d 189 (2d Cir. 1987) ................................................................................... 11

*United States v. Weigand*,
  492 F. Supp. 3d 317 (S.D.N.Y. 2020) ................................................................... 10

**Statutes**

18 U.S.C. §1962 ............................................................................................................. 7

18 U.S.C. §3142 ..................................................................................................... passim

18 U.S.C. §3148 ........................................................................................................ 5, 6

## **INTRODUCTION**

The government failed to present clear and convincing evidence below that this is the rare case justifying pre-trial detention. It offered no legitimate reason why the proposed release conditions would be insufficient to mitigate the risks it claims exist.

The government's opposition here fares no better. It primarily rehashes the weak allegations it made below. And it fails to respond to most of Mr. Combs' factual and legal arguments—because it has no convincing responses.

Under the Bail Reform Act and controlling precedents, Mr. Combs is entitled to release, which has been granted to many similarly situated defendants—including just yesterday, a CEO accused of sex trafficking *dozens of young men*, including through witness intimidation.[1]

The government's request for detention is not based on any genuine risk of danger or obstruction. It is based on a desire to punish Mr. Combs, strip him of the presumption of innocence, and force him to defend himself from prison.

The detention order was unlawful. It should be reversed.

---

[1] *See United States v. Jeffries*, 24-cr-423 (NJC) (E.D.N.Y.), ECF 9 (government requested release on bond for defendant it claimed "relied on the services of a security company to surveil and intimidate [witnesses], thereby securing their silence").

1

# ARGUMENT

## I. The District Court's Obstruction Findings Were Erroneous

### A. The Government's Proffer Is Speculative And Insufficient

The opposition confirms the government's only purported evidence in support of detention is an 8½-year-old-video and irrelevant comments Mr. Combs made regarding civil lawsuits. In the bail proceedings below and his motion to this Court, Mr. Combs thoroughly explained why that evidence does not establish clear and convincing evidence of obstruction and danger. (*See* Mot. 7-9, 14-15). In response, the government regurgitates the same insufficient arguments it made below.

1. The government argues the video shows future dangerousness. It does not. Although Mr. Combs' conduct on the video is indefensible, he has apologized for that conduct, which must be evaluated in the unique context of the toxic romantic relationship in which it arose. But regardless, that conduct, and that relationship, are long in the past. The conduct on the video is not evidence that Mr. Combs will engage in future violence, nor does it prove "no condition or combination of conditions," 18 U.S.C. §3142(e)(1), can mitigate that risk. Indeed,

2

the proposed conditions foreclose contact with any female visitors other than family members and counsel.[2]

Nor is the government's allegation that Mr. Combs bribed hotel security to destroy the video plausible. It claims the video "disappeared from the hotel's server." (Opp. ¶12). How can that be true? It was publicly released earlier this year, so obviously it was not deleted.

2. The government's argument about Mr. Combs' contacts with two witnesses in civil suits is also untenable. *First*, it continues to contend that a defendant's public denial of allegations constitutes obstruction (Opp. ¶13)—an unconstitutional position the Court should reject outright.

*Second*, it now admits Mr. Combs "was in contact with" one of the witnesses months before the relevant lawsuit was filed. (*See* Opp. ¶15 n.2). His contacts were in no way obstructive, and the fact the witness and Mr. Combs "had 128 phone contacts," (*id.*), proves nothing. Of course, the government has the actual communications and would describe them for the Court if they truly revealed obstruction. But for the third time, it has failed to describe them, because they

---

[2] Nor does *United States v. Mercedes* support detention. The defendant there "ha[d] a history of domestic violence," was found with "loaded guns, handcuffs, and fake police badges" in connection with armed robbery, and did not propose comparable conditions of release. 254 F.3d 433, 437 (2d Cir. 2001).

3

reveal nothing of the sort. Indeed, the witness's "public statement in support of [Mr.] Combs," (*id.*), itself undermines the government's allegations.

### B. The Government Has No Response To Most Of Mr. Combs' Arguments

What is most telling is what the government ignores in its opposition. The list is long.

*First*, despite claiming below that the "more concerning" (A-024) evidence of obstruction was purported tampering with grand jury witnesses, the government now abandons that allegation. That is because the defense showed the contacts with such witnesses were not evidence of obstruction. (Mot. 9-10). In fact, one witness contacted Mr. Combs, not the other way around. (*Id.*). The government fails to address this. Nor does it respond to Mr. Combs' argument that the bare fact that two individuals spoke is not evidence of obstruction—because the government cannot prove Mr. Combs intended to tamper with these witnesses. He did not. The government's silence underscores why the district court erred in relying on the government's unfounded assertions.

*Second*, the government is unable to explain how the district court could have found Mr. Combs used "coded messages" through "intermediaries" to engage in any purported obstruction—the primary reason the court ordered detention. For instance, the government continues to cite *Mr. Combs' own comments* to a witness in November 2023, comments Mr. Combs recorded precisely to ensure that there

4

would be a clear record of what was said. (*See* Opp. ¶43; Mot. 19-20). The government admits Mr. Combs texted a so-called "intermediary" only *after* he spoke to this witness. This is hardly evidence that Mr. Combs will send coded messages to victims through intermediaries if released. And the November 2023 communications took place roughly a year ago, long before the indictment or any inkling of a criminal investigation.

*Third*, the government fails to address the overwhelming Circuit precedent requiring substantial evidence of obstruction prior to ordering detention on that basis. (*See* Mot. 16-17). The government does not even attempt to explain how the district court's conclusion was consistent with this precedent.

The government's only response is to misapply language in *United States v. LaFontaine*, 210 F.3d 125 (2d Cir. 2000), which it cites for the proposition that "[i]n *Gotti*, [the Court] held that a single incident of witness tampering … was sufficient to revoke bail." (Opp. ¶41). But what the government omits is that *Gotti*—like *LaFontaine*—was a *bail revocation* decision applying 18 U.S.C. §3148's lower probable cause standard and not the clear and convincing evidence standard mandated here. *Compare United States v. Gotti*, 794 F.2d 773, 777 (2d Cir. 1986) ("[P]robable cause under section 3148(b)(1)(A) requires only that the facts … 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail.")*, with United States v. Chimurenga*, 760 F.2d

5

400, 405 (2d Cir. 1985) (clear and convincing evidence "requires that the evidence support [the] conclusion with a high degree of certainty").

Moreover, in *Gotti*—again as in *LaFontaine*—the government presented robust, credible evidence of witness tampering that dwarfs the government's proffer here. Evidence adduced during "three days of hearings," featuring testimony by "12 witnesses … for the government," demonstrated Gotti had "beaten and robbed" a witness while on bail, prompting a state grand jury to indict him on "robbery and assault charges." *Gotti*, 794 F.2d at 775. The evidence further revealed the witness "had received a 'kick in the ass'"—"a warning not to testify"—leaving him "in fear of his life." *Id.*

The government's cited authority thus cuts against its own argument and the district court's conclusion.

### C. The Indictment Is Not Evidence Of Obstruction

Since it has no actual evidence, the government falls back on the indictment's vague allegations of "obstruction, bribery, and witness tampering." (Opp. ¶39). There are several problems with this argument.

*First*, an indictment, at most, reflects a grand jury's finding of probable cause that the defendant committed a specific offense. It does not reflect any finding of "clear and convincing evidence," which is the standard required to justify detention. 18 U.S.C. §3142(f).

*Second*, the government's only authority is a non-precedential decision that is easily distinguished. In *United States v. Kelly*, No. 20-1720, 2020 WL 7019289 (2d Cir. Sept. 8, 2020), the defendant was indicted on an obstruction of justice conspiracy charge. The district court credited the government's obstruction arguments because the grand jury made a "probable cause finding that [Kelly] obstructed justice in the past." *United States v. Kelly*, 19-cr-286 (AMD), 2020 WL 2528922, at *3 (E.D.N.Y. May 15, 2020). But unlike Mr. Combs, the defendant in *Kelly* did not proffer evidence rebutting the allegations—he merely "t[ook] issue with the Court's consideration of the charges in evaluating his dangerousness." *Id.* at *2.

And here, it is unclear whether the grand jury ever even found probable cause to believe Mr. Combs committed any witness tampering. Indeed, it had no need to do so to return a true bill. There is no obstruction count. The government cites speaking language and racketeering acts alleged in Count One (*see* Opp. ¶39), but the grand jury did not have to find probable cause as to those allegations to indict. Count One charges racketeering conspiracy, 18 U.S.C. §1962(d), which does not require proof of any racketeering act or even any overt act. *See Salinas v. United States*, 522 U.S. 52, 62-65 (1997). Nor does the defendant have to "agree to commit or facilitate each and every part of the substantive offense," or even "the

7

two predicate acts" of the alleged conspiratorial agreement. *Id.* at 63-64; *accord United States v. Laurent*, 33 F.4th 63, 86 (2d Cir. 2022).

In short, nothing in the indictment constitutes clear and convincing evidence that Mr. Combs presents an obstruction risk if released on the proposed conditions.

## II. The Proposed Bail Conditions Are Sufficient

As Mr. Combs' motion explained, the Act expressly contemplates releasing a defendant into "the custody of a designated person[ ] who agrees to assume supervision." 18 U.S.C. §3142(c)(1)(B)(i). The proposed 24/7 private security arrangement with strict monitoring and robust restrictions on visitors and means of communication more than suffice here. It is no response to suggest that a visitor could "covertly provide[] Combs access to a[n electronic] device." (Opp. n.4). That risk is illusory, and the proposed conditions provide "reasonabl[e] assur[ances]" it will not manifest, which is all the Act requires. 18 U.S.C. §3142(e).

This case in not meaningfully different from *United States v. Fox*, No. 22-1043, 2022 WL 2564600 (2d Cir. July 8, 2022). There, this Court affirmed the release of a defendant charged with multiple counts including drug trafficking, firearms, sex trafficking, and related offenses, finding that similar conditions of release could ensure against risk of flight and danger. This Court concluded the government "failed to explain why the stringent release conditions imposed by the

8

district court would be insufficient to prevent [the defendant] from evading surveillance" and committing further crimes. *Id.* at *3. The same is true here.

Nor does *United States v. Boustani*, 932 F.3d 79 (2d Cir. 2019), support the rejection of Mr. Combs' proposed bail package. *Boustani* held that "if a similarly situated defendant of lesser means would be detained, a wealthy defendant cannot avoid detention by relying on his personal funds to pay for private detention." *Id.* at 82. But *Boustani* also noted a private security arrangement "may be appropriate where the defendant is deemed to be a flight risk primarily because of his wealth." *Id.* at 82. The same reasoning permits a private security arrangement where the government argues a risk of obstruction and danger exists primarily because of a defendant's wealth and resources—its argument here.

The government claims Mr. Combs poses an obstruction risk *because of* "his substantial wealth and influence relative to his victims and employees." (Opp. ¶43). It claims he influences witnesses through "continued financial support" (Opp. ¶15), the "promise of financial security" (Opp. ¶43), and "financial pressure" (Opp. ¶37), alleging racketeering activity fueled by the "employees, resources, and influence of [Mr. Combs'] multi-faceted business empire" (A-1). It even explicitly asks the Court to "affirm on the basis that [Mr.] Combs presents a risk of flight based on," *inter alia*, "[his] substantial resources," (Opp. ¶48), and "given his wealth," (Opp. ¶20). In other words, "but for [Mr. Combs'] wealth," the risks the

9

government cites would not exist and "he would not have been detained." *Boustani*, 932 F.3d at 82.

The government can't have it both ways. It cannot use Mr. Combs' wealth as both a detention sword and shield. *See United States v. Weigand*, 492 F. Supp. 3d 317, 319 (S.D.N.Y. 2020) (*Boustani* cannot foreclose release where "Government … repeatedly emphasized [defendant's] wealth in explaining the risk of flight"). Of course, "many kinds of bail conditions favor the rich, … [b]ut it is not a reason to deny a constitutional right." *United States v. Dreier*, 596 F. Supp. 2d 831, 833 (S.D.N.Y. 2009).[3]

The proposed bail conditions—including the 24/7 private security arrangement—are more than adequate to reasonably prevent any risk of obstruction or danger.

## III. Clear Error Review Does Not Apply

The government does not dispute that the district court failed to weigh the required 18 U.S.C. §3142(g) factors. Nor does it dispute that other recent high-

---

[3] Although *Boustani* is Circuit law, "the penumbral principle of fairness [it] articulated," *United States v. Akhavan*, 20-cr-188-2 (JSR), 2021 WL 535736, at *3 (S.D.N.Y. Feb. 12, 2021), directly conflicts with the statute's text making detention appropriate only if the court "finds that *no condition or combination of conditions* will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. §3142(e) (emphasis added). That mandate ensures the Act does not infringe defendants' constitutional rights. *See United States v. Salerno*, 481 U.S. 739, 745-55 (1987).

profile detention orders were based on extensive written factual findings and legal conclusions. (*See* Mot. 22-23). The district court's oral comments pale in comparison and fail to comply with the Act. The government further ignores clear precedent instructing courts to scrutinize government proffers to "ensure the reliability of the evidence," *LaFontaine*, 210 F.3d at 131, especially where—as here—the defense contests the government's allegations. The district court failed to do so, leaving doubt as to why or on what basis it ordered detention.

Accordingly, the district court's findings are "subject to plenary review," not clear error review. *United States v. Shakur*, 817 F.2d 189, 197 (2d Cir. 1987); *United States v. Jackson*, 823 F.2d 4, 6 (2d Cir. 1987). And even if the Court finds this to be "a close case," it "[sh]ould not hesitate to remand … for further findings." *Id.*; *see also United States v. Friedman*, 837 F.2d 48, 50 (2d Cir. 1988); *United States v. Berrios-Berrios*, 791 F.2d 246 (2d Cir. 1986).

## IV. The Court Should Not Affirm On Risk Of Flight

The government did not prove Mr. Combs was a flight risk below, and this Court should not entertain its request to affirm on this alternative basis. Mr. Combs clearly intends to face and contest the charges, not flee. (*See* Mot. 3-5). Nor do "significant penalties" and "serious reputational harm" demonstrate any risk of flight. (Opp. ¶48). The government has already destroyed Mr. Combs' reputation, and his only hope is to stand and fight, which he intends to do—not

11

only on this front but also against dozens of civil lawsuits. As for possible penalties, none could compare to the prospect of abandoning his seven children, his mother, and other family members, as well as the remarkable career he has built for himself.

## CONCLUSION

For the foregoing reasons, this Court should reverse the detention order and order Mr. Combs released under the conditions proposed below, or any additional conditions the Court deems necessary.

Dated: New York, New York
October 23, 2024

/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Ave of the Americas, 17th Floor
New York, New York 10036
(212) 257-4880

*Attorneys for Defendant-Appellant Sean Combs*

12

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. The undersigned counsel of record for Defendant-Appellant Sean Combs certifies pursuant to Federal Rule of Appellate Procedure 27 that the foregoing brief contains 2,563 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(d)(2), according to the Word Count feature of Microsoft Word 2024.

2. This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2024 in 14-point font of Times New Roman.

Dated:   October 23, 2024

                                                      /s/Alexandra A.E. Shapiro
                                                      Alexandra A.E. Shapiro